## JAMES vs. LAWRENCE's Adm'r.—June, 1826.

In debt on an award, the declaration stated, that certain differences having arisen between the plaintiff and E L, formerly administratrix of R L, deceased, the plaintiff and E L, by consent and by the order of the orphans court of, &c. referred the disputed claim of the plaintiff against the estate of R L, to A, B and C, who were on the same day approved by said orphans court for said purpose, and that the plaintiff and E L did, with the consent of the said court, agree to abide by the award, &c. of said arbitrators; that the arbitrators awarded in writing, un-

der such reference, that E L should pay the plaintiff the sum of £452, with interest, and costs of suit thereon, as recovered from the said plaintiff by one P K, in chancery, and that of this award the said parties had notice. That E L afterwards intermarried with one R B, and was duly removed from said administration, and O L the defendant appointed administrator of R L, in her place, and took upon himself such administration: yet that E L had, not, nor the defendant, paid the plaintiff the said sum of £452, in the award mentioned, although E L, while administratrix, and the defendant since his appointment as administrator, had been requested to pay, &c. whereby an action had accrued to the plaintiff to demand of the defendant the said sum of £452. On demurrer to this declaration and joinder in demurrer, the demurrer was ruled good; and *Held*, that as the award was for certain costs and interest, as well as the said sum of £452, it was not competent for the plaintiff to sue for the latter sum only.

*Held* also, that as the declaration stated the award to be that E L should pay the amount of the award in her individual, and not in her character as administratrix, it was not competent to charge that amount on the defendant as administrator of R L And also, that if the declaration had alleged the award to be that E L, should as administratrix pay, &c. and if, in this form of action a subsequent administrator of R L, might be liable as administrator to pay such debt, the declaration would not entitle the plaintiff to recover, because the breach laid in it was *that neither E L, nor O L, paid, whereby the plaintiff had a right to demand the debt of O L,* which was charging him not as administrator, but individually; and a judgment against him would be *de bonis propriis,* which could not be admitted.

APPEAL from *Frederick* County Court. Debt on an award made by arbitrators appointed in pursuance of an order of the orphans court. To the declaration, (which is set out by the judge who delivered the opinion of this court,) there was a general demurrer, which the county court sustained; and the plaintiff, (now appellant,) appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, ARCHER, and DORSEY, J.

*Palmer,* for the Appellant. 1. Is the award a good and valid award as it appears in the pleadings in the cause? 2. If it is a good award, can an action of debt be sustained upon it against the defendant as administrator of *Richard Lawrence,* deceased.

1. The reference was authorised by the act of 1798, *ch.* 101, *sub ch.* 8, *s.* 12. An award may be good in part, and bad in part. *Cromwell, et al. vs. Owings,* 6 *Harr. & Johns.*

10. It need not declare that upon payment of the money awarded, a release should be executed. *Kyd on Awards,* 220 to 226. *Weed vs. Ellis,* 3 *Caine's Rep.* 253. Certainty in the award to a common intent is sufficient. *Kyd on Awards,* 244. *Tomkins vs. Webb,* 1 *Roll. Ab.* tit. *Arbitration,* (M 6.) If the declaration alleges what is substantially correct, it is sufficient; and the omission to declare for the costs in the court of chancery, as awarded, does not vitiate it. 2 *Chitty's Plead.* 145, (*note.*) *Hodsden vs. Harridge,* 2 *Saund.* 62, (*note 5.*)

2. The award is as final and conclusive as a judgment in a court of law, or a release; and the original cause of action is merged in the award. 3 *Blk. Com.* 16. An action of debt will lie on an award against an administrator; and if he submits to arbitration, it is an admission of assets. *Worthington vs. Barlow,* 7 *T. R.* 449. 2 *Tidd's Pr.* 759. *Kyd on Awards,* 40. The present administrator stands in the situation of the former administratrix; and if the action could be maintained against the former administratrix, it can be against the present administrator.

*Taney* and *Gill,* for the Appellee. This is an attempt to charge the appellee, as administrator *de bonis non,* on an award made under a submission by the former administratrix.

1. Nothing is said in the declaration as to the *interest* and the *costs* awarded. This is a fatal variance between the contract declared upon, and that exhibited.

2. The award is not final. It is not a final ascertainment of the sum due. It is not said in the award from what period of time the interest is to be computed, nor does it state the amount of the costs of the suit it refers to.

3. If the award is final, yet the declaration does not treat it as a final award. There is no averment what were the costs of the suit referred to.

4. Can an action of debt be maintained on this award? The action on the case is intended to give a remedy where the old form of action gave none.

5. An action on an award can only be maintained between the parties to it, or their representatives.

On the *last point*, they cited *Dilley vs. Polhill,* 2 *Stra.* 923. *Kyd on Awards,* 278.    *Childs vs. Monins,* 6 *Serg. & Low.* 200.    *Worthington vs. Barlow,* 7 *T. R.* 449.    3 *Blk. Com.* 16; and *Priddy vs. Hendrey,* 8 *Serg. & Low.* 182.    The declaration does not state a debt due from the deceased ; that the intestate was indebted as the foundation of the liability of the administrator to pay.    To maintain an action against an administrator, a cause of action against the deceased must be alleged.    *Carnan vs. Turner,* 6 *Harr. & Johns.* 67.    1 *Chitty's Plead.* 92, 104.    Here the writ and declaration is against the appellee as administrator, whereas he is administrator, *de bonis non. Birks vs. Trippet,* 1 *Saund.* 32, (*note* 2.)    A submission to arbitration by an administrator is not an admission of assets.    *Kyd on Awards,* 40; and *Pearson vs. Henry,* 5 *T. R.* 6.

*Mitchell,* in reply, cited 5 *Com. Dig.* tit. *Pleader,* 576, 587, 589.

DORSEY, J. delivered the opinion of the court.    *Joseph James,* the appellant, sued out of *Frederick* county court against *Otho Lawrence,* administrator of *Richard Lawrence,* a writ of *capias ad respondendum* in the usual form.    And on his appearance to the writ the plaintiff declared against him, as follows: "Whereas certain differences having arisen between the said *Joseph* and a certain *Elizabeth Lawrence,* formerly administratrix of *Richard Lawrence,* deceased, the said *Joseph* and *Elizabeth* heretofore, to wit, on the twenty-first day of May, eighteen hundred and eleven, at the county aforesaid, by mutual consent, and by the order of the orphans court of said county, referred the disputed claim of the said *Joseph,* against the estate of the said *Richard Lawrence,* to a certain *Abraham Crapster, Abraham Jones* and *John Campbell,* who were, on the day and year aforesaid, at the county aforesaid, approved by the orphans court aforesaid, for the purpose aforesaid; and the said *Joseph* and *Elizabeth,* on the day and year aforesaid, at the county aforesaid, with the consent and approbation of the orphans court aforesaid, did consent to abide by the award and determination of the said *Abraham Crapster, Abraham Jones and John Campbell,* arbitrators, indifferently elected, chosen and named, as

well by the mutual consent of said *Joseph* and *Elizabeth*, as by the approbation of the orphans court of the county aforesaid, to arbitrate, award, determine and adjudge, of and concerning all, and all manner of actions upon the disputed claim of the said *Joseph* against the said *Richard Lawrence*, deceased, at any time theretofore had, made or moved.   And the said *Joseph* further saith, that the said *Abraham Crapster, Abraham Jones* and *John Campbell,* having taken upon themselves the burden of the said arbitration, did in due manner make and publish their award in writing, of and concerning the said matters in difference between the said *Joseph* and *Elizabeth,* ready to be delivered to the said parties in difference, or such of them as should desire the same, and bearing date the first day of June, in the year of our Lord one thousand eight hundred and eleven; and did thereby award and direct, that the said *Elizabeth* should pay to the said *Joseph* the sum of four hundred and fifty-two pounds six shillings and eleven pence, current money, with interest, and costs of suit thereon, as recovered from the said *Joseph James* by a certain *Peter Kennel,* in the court of chancery in this state, as by the said award, reference being thereto had, will more fully appear; of which said award the said *Elizabeth* afterwards had notice. And whereas the said *Elizabeth Lawrence,* after the making of the award aforesaid, intermarried with a certain *Robert Bennett,* and after her said intermarriage she was removed from the office of administratrix of the estate of the said *Richard Lawrence,* by the orphans court of *Frederick* county, by due course of law; and being so removed, the said *Otho Lawrence* was by the orphans court of said county, on the twenty-eighth day of July, in the year of our Lord one thousand eight hundred and fourteen, appointed administrator of all and singular the goods and chattels, rights and credits, which were of *Richard Lawrence* at the time of his death, as appears by the order of said court now into court brought; and the said *Otho Lawrence* took upon himself the burden of the said administration; yet the said *Elizabeth* hath not at any time, nor hath the said *Otho* at any time, paid to the said *Joseph* the said sum of four hundred and fifty-two pounds six shillings and eleven pence current money, in the said award mentioned, or any part

thereof, although to pay the same sum of money the said *Elizabeth*, while she continued in the office of administratrix as aforesaid, and the said *Otho* since his appointment as aforesaid, hath often been requested as aforesaid; whereby an action hath accrued to the said *Joseph* to demand and have of the said *Otho*, the sum of four hundred and fifty-two pounds six shillings and eleven pence current money, to the damage of the said *Joseph* in the sum of five thousand dollars current money; and therefore he brings suit, and so forth." To which the defendant demurred generally, and on joinder in demurrer, it was ruled good. The plaintiff appealed.

Many questions were agitated in the argument before this court, which it is unnecessary now to decide. The award, as set out in the declaration, is "that the said *Elizabeth* pay to the said *Joseph* the sum of four hundred and fifty-two pounds six shillings and eleven pence current money, with interest, and costs of suit thereon, as recovered from the said *Joseph James* by a certain *Peter Kennel*, in the court of chancery in this state." The amount thus awarded creates but a single debt, and gives to the plaintiff but one cause of action, which the law will not permit him to split up and divide into two or more suits at his pleasure. The plaintiff, should he be permitted to recover the £452 6 11 in this case, may immediately commence an action for the interest and costs thereon, as recovered in the court of chancery; thus multiplying litigation in a way which the law never tolerates. The judgment of the court below is therefore sustainable on this ground. But suppose this difficulty removed, the plaintiff is immediately encountered by others equally insurmountable. The declaration states that the arbitrators "award and direct that the said *Elizabeth* should pay to the said *Joseph*," not as administratrix or in her representative character, but individually. Upon what pretence then can the plaintiff ask, in a court of law, to charge the individual debt of *Elizabeth* upon the defendant as administrator of *Richard Lawrence?* But grant that the award declared on had been, that *Elizabeth* as administratrix should pay, and had been so set out in the declaration; and grant also that in this form of action on such an award a subsequent administrator of *Richard Lawrence* might be answerable as such, still the plain-

tiff appears not in court, in an attitude which gives him the smallest chance of success. The breach alleged is, that neither *Elizabeth* nor *Otho* hath paid, "whereby an action hath accrued to the said plaintiff to have and demand of the said *Otho* the said sum of money," thus charging him, not as administrator, but in his individual character. If a judgment were entered for the plaintiff on this declaration, execution must go against the body of the defendant, or *de bonis propriis* only, thus making him, without any promise to pay a default on his part, personally answerable for a debt, which it is not even insinuated that he is bound to pay, otherwise than with the effects of the deceased which have come to his hands. At an act of injustice so flagrant, every principle of reason, equity and law revolts.

JUDGMENT AFFIRMED.